IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GRANGE INSURANCE COMPANY,               )
GRANGE MUTUAL CASUALTY                  )
COMPANY, and GRANGE MUTUAL              )
CASUALTY INSURANCE COMPANY,             )
as subrogees of Tuscon2Troutville LLC dba )
Pomegranate Restaurant, and             )
TUCSON2TROUTVILLE LLC dba               )
POMEGRANATE RESTAURANT,                 )
                                        )
          Plaintiffs,                   )         Civil Action No. 7:23-cv-00214
                                        )
v.                                      )
                                        )         By:  Elizabeth K. Dillon
MANITOWOC FOODSERVICE, INC.,            )              United States District Judge
WELBILT, INC., KOOL-AIR aka             )
MANITOWOC ICE, INC., PENTAIR            )
COMMERCIAL ICE LLC, MORRIS              )
REFRIGERATION SALES AND                 )
SERVICE, INC., and MORRIS               )
REFRIGERATION COMMERCIAL                )
SALES AND SERVICE, INC.,                )
                                        )
          Defendants.                   )

**ORDER TO SHOW CAUSE**

The complaint in this matter, filed on April 18, 2023, alleges that the court has subject

matter jurisdiction due to the diversity of the parties. *See* 28 U.S.C. § 1332(a)(1).  Section 1332

requires complete diversity of citizenship; that is, the citizenship of each plaintiff must be diverse

from the citizenship of each and every defendant. *Cent. W. Va. Energy Co. v. Mountain State

Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Importantly, one of the plaintiffs (Tuscon2Troutville LLC) and one of the defendants

(Pentair Commercial Ice LLC) in this action are alleged to be LLCs, which are "unincorporated

association[s], akin to a partnership for diversity purposes, whose citizenship is that of its

members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (citing *GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). "Thus, an LLC's [and limited partnership's] members' citizenship must be traced through however many layers of members there may be." *Jennings v. HCR ManorCare, Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing *Gen. Tech. Applications, Inc.*, 388 F.3d at 121).

The complaint alleges that plaintiff Tuscon2Troutville LLC is a Virginia limited liability company located in Troutville, Virginia (Compl. ¶ 2, Dkt. No. 1), and defendant Pentair Commercial Ice LLC is a Minnesota corporation with its principal place of business in Minnesota (Compl. ¶ 6). These allegations are insufficient for the court to determine if there is complete diversity between the parties because there is no information provided about the citizenship of the members of the respective LLCs.[1] Also, the court needs clarity as to whether Pentair Commercial Ice is an LLC or a corporation because the allegations in paragraph six of the complaint uses both terms.

The court has an independent duty to satisfy itself of its own subject matter jurisdiction. *See Crandell v. United States*, Civil Action No. 5:21-cv-00050, 2022 WL 4564587, at *4 n.8 (W.D. Va. Sept. 29, 2022); *Johnson v. Schneider Elec.*, Docket No. 3:17-cv-00126-FDW, 2020 WL 912779, at *2 (W.D.N.C. Feb. 25, 2020) (explaining that courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, they must raise lack of subject-matter jurisdiction on their own motion"). Moreover, as the parties invoking this court's jurisdiction by filing a complaint, plaintiffs bear the burden of

---

[1] The court does note, however, that while Tuscon2Troutville LLC is listed as a plaintiff in the complaint, it may be that its citizenship is not relevant because this is an insurance subrogation case. *See Phil. Indemnity Ins. Co. v. Ward*, Case No. SAG-20-0868, 2020 WL 2934941, at *2 (D. Md. June 3, 2020) (finding that where an insured "has already been fully compensated by the insurer . . ., the insured's citizenship is not relevant to an assessment of diversity jurisdiction") (citing *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 n.8 (4th Cir. 1973)).

proving that the court has subject matter jurisdiction over this action.  Therefore, the court will order plaintiffs to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.

It is hereby ORDERED that plaintiffs SHOW CAUSE within **seven days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

Entered: April 18, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge